# Exhibit – A

[ Save as PDF ]   [ Reset Form ]

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER:** _____

**Trial Court of Massachusetts
The Superior Court**

**COUNTY:** Essex

| | |
|---|---|
| **Plaintiff:** Douglas Brooke | **Defendant:** Rimini Street, Inc. |
| **ADDRESS:** 4 Rose Lane, Boxford, MA | **ADDRESS:** Emmanuel Richard, 3993 Howard Hughes Pkwy, Suite 500, Las Vegas, NV |
| **Plaintiff Attorney:** Suzanne L. Herold, Herold Law Group, P.C. | **Defendant Attorney:** |
| **ADDRESS:** 50 Terminal St., Bld 2, Ste 714, Charlestown, MA 02129 | **ADDRESS:** |
| **BBO:** 675808 | **BBO:** |

[ Add Parties ]   [ Remove Parties ]

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?    ☐ YES   ☐ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date        $100,000+
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)
   Emotional Distress                                    T.B.D.

TOTAL (A-F):   $100,000+

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

[ Add Claim ]   [ Delete Claim ]

| Signature of Attorney/Unrepresented Plaintiff: X | Date: |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date: 07 - 08 - 2021 |
|---|---|

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:05-18-2021 03:53:4

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                           SUPERIOR COURT
                                                     CIVIL ACTION NO.: 2177CV00722

| | |
|---|---|
| DOUGLAS BROOKE | )<br>)<br>) |
| Plaintiff | )<br>)<br>) |
| v. | )<br>)<br>) |
| RIMINI STREET, INC. &<br>EMMANUEL RICHARD | )<br>)<br>) |
| Defendants | )<br>) |

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Douglas Brooke (hereinafter "Mr. Brooke" or "Plaintiff"), is an individual who maintains a residence at 4 Rose Lane, Boxford, Essex County, Massachusetts.

2. The Defendant, Rimini Street, Inc. (hereinafter "Company") is a for-profit organization with a place of business located at 3993 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada.

3. The Defendant, Emmanuel Richard (hereinafter "Mr. Richard") is a Vice President of the Company and maintains a business address of 3993 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada.

### Facts

4. At all relevant times, Mr. Brooke was 58 years old.

5. On November 2, 2020, Mr. Brooke was contacted by Julie Plourde ("Ms. Plourde"), Talent Acquisition Consultant, United States & Canada via LinkedIn regarding his interest in a Director Sales Position to be performed from his home.

6. On November 3, 2020, Ms. Plourde sent an exclusive invite to Rimini Street's Virtual Sales Careers event.

7. On November 6, 2020, Mr. Brooke interviewed via the phone with Ms. Plourde and he sent her his resume.

8. On November 9, 2020, Mr. Brooke received an email invitation from Ms. Plourde to interview with her and Maryann Kovacevic ("Ms. Kovacevic"), Senior Director, Global Talent Acquisition on Friday November 13, 2020.

9. On November 12, 2020, Mr. Brooke attended the Virtual Sales Careers event.

10. On November 13, 2020, Mr. Brooke received an email from Ms. Kovacevic, asking to reschedule the interview for later that day. The interview was rescheduled for Tuesday the 17, 2020.

11. On November 17, 2020, Mr. Brooke interviewed with Ms. Kovacevic. She stated that Mr. Brooke had good experience and thought he would be a good fit with the Hiring Manager, Tony Kirk ("Mr. Kirk"), VP Sales Northeast. The next step would be to talk to Mr. Kirk and to complete a WerkStyle Survey and formal job application.

12. On November 17, 2020, Mr. Brooke completed the WerkStyle survey and the job application.

13. On December 1, 2020, Mr. Brooke interviewed via Microsoft Teams (MSFT) with Mr. Kirk and their interaction was good. Mr. Kirk asked if Mr. Brooke knew one of his peers, Bill Allen, and Mr. Brooke told him that Bill and he had worked together at JDE, Peoplesoft, and Oracle. Mr. Kirk said he liked to do his interviews in two steps so that he can spend more quality time with a candidate and get to know him/her better and that he would have his assistant, Darcie schedule another session.

14. On December 8, 2020, a second interview took place via MSFT Teams with Mr. Kirk. He mentioned he had checked an internal reference on Mr. Brooke with Bill Allen who had good things to say. At the end of the interview, Mr. Kirk mentioned that he thought that they would work well together and that he would schedule next steps to interview with Emmanuel Richard ("Mr. Richard"), Group VP & General Manager, Northeast and others. He also mentioned that they had a bit of a restructure and that Mr. Richard was recently hired, and a management layer was placed between Mr. Kirk and Gerard Brossard, Executive Vice President & COO.

15. On December 11, 2020, Mr. Brooke received an email from Don Calhoun (Mr. Calhoun), Talent Acquisition Manager stating he worked with Mr. Kirk as the Sales Leadership Recruiter and did Mr. Brooke have time to meet with Mr. Richard next week. He replied to Mr. Calhoun with some potential meeting times and copied Mr. Kirk to keep him in loop. Mr. Kirk sent me a reply stating, "I can prep you once you get a time with Mr.

Richard." Mr. Calhoun scheduled a telephone call with Mr. Richard for December 15, 2020.

16. On December 14, 2020, Mr. Brooke followed up with Mr. Kirk to remind him that he would be talking to Mr. Richard the next day and they scheduled a prep call for the next day.

17. On December 15, 2020, Mr. Brooke talked to Mr. Kirk in the morning to prep for the interview with Mr. Richard.

18. On December 15, 2020, Mr. Richard called Mr. Brooke on his mobile. He also sent an email invitation to a MSFT Teams meeting and he asked Mr. Brooke to go into Teams so they could do the interview with video. They had a good discussion about Mr. Brooke's experience and approach. Mr. Brooke felt there were no red flags. Mr. Richard ended by stating that he did not like to give real time feedback and he wanted to go back through his notes. Mr. Brooke sent him a follow-up thank you note.

19. On December 15th and 17th, Mr. Brooke texted Mr. Kirk to have a follow-up conversation regarding the interview with Mr. Richard. There was no response from Mr. Kirk.

20. On December 17, 2020, Mr. Brooke received a voice mail from Mr. Calhoun on his mobile. Mr. Calhoun stated he had talked to Mr. Richard and said, "He had a good conversation with you and thought you were a great candidate; he's just looking for a different profile. He's looking for a younger, hungry person" or words to that effect.

21. On December 24, 2020 Mr. Brooke emailed the Company and indicated that its failure to hire him was age discrimination. He notified the Company of Mr. Calhoun's voicemail and asked to be contacted.

22. Thereafter, the Company performed a half-hearted investigation. Ironically, while it denied that it acted inappropriately, the Company terminated Mr. Calhoun's employment.

23. Mr. Brooke has exhausted his administrative remedies with the Massachusetts Commission Against Discrimination.

## Causes of Action

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

## FIRST CAUSE OF ACTION – AGE DISCRIMINATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et. Seq

24. This is a cause of action against the Defendants for age discrimination in violation of Massachusetts General Laws Chapter 151B § 1, et. seq.

25. At the time Defendants failed to hire Plaintiff he was 58 years old.

26. The Defendants did not select Plaintiff for employment at the Company because of his age.

27. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. Judgment against the Defendants, jointly and severally;

2. Attorney's fees, costs and expert witness fees;

3. Compensatory damages for emotional distress;

4. Punitive damages pursuant to MGL c. 151B, § 9;

5. Pre-Judgment and Post-Judgment Interest, and

6. Such other relief as the Court deems just and fair.

July 8, 2021

The Plaintiff,
Douglas Brooke,
By his attorney

Suzanne L. Herold (BBO# 675808)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 336-7196 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2177CV00722 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Brooke, Douglas vs. Rimini Street, Inc. et al | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Suzanne L Herold, Esq.<br>Herold Law Group, P.C.<br>50 Terminal St<br>Building 2 Suite 716<br>Charlestown, MA 02129 | | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/12/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 11/09/2021 | |
| All motions under MRCP 12, 19, and 20 | 11/09/2021 | 12/09/2021 | 01/10/2022 |
| All motions under MRCP 15 | 11/09/2021 | 12/09/2021 | 01/10/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/09/2022 | | |
| All motions under MRCP 56 | 06/07/2022 | 07/07/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/04/2022 |
| Case shall be resolved and judgment shall issue by | | | 07/12/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/12/2021 | Stefano J Cornelio | (978)242-1900 |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                  SUPERIOR COURT
                                            CIVIL ACTION NO.: 2177CV00722

DOUGLAS BROOKE,                             )
                                            )
       Plaintiff,                           )
                                            )
       v.                                   )
                                            )
RIMINI STREET, INC. &                       )
EMMANUEL RICHARD,                           )
                                            )
       Defendants.                          )

## ACKNOWLEDGMENT AND ACCEPTANCE OF SERVICE

Service of Plaintiff's Complaint & Jury Demand, Copy of Summons, Tracking Order and Civil Action Cover Sheet is hereby acknowledged and accepted by Defendants Rimini Street, Inc. and Emmanuel Richard.

Dated: August 17, 2021

DEFENDANTS RIMINI STREET, INC. &
EMMANUEL RICHARD,
By their Attorneys,

*/s/ Laura M. Raisty*
Christopher A. Kenney, BBO # 556511
Laura M. Raisty, BBO# 640400
Kenney & Sams, P.C.
Reservoir Nine
144 Turnpike Road
Southborough, MA 01772
508-490-8500
cakenney@KSlegal.com
lmraisty@KSlegal.com

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION
No. 2177CV00722C

Douglas Brooke ........................................., Plaintiff(s)

v.

Rimini Street, Inc. & Emmanuel Richard ..................., Defendant(s)

## SUMMONS

To the above named Defendant: Rimini Street, Inc.

You are hereby summoned and required to serve upon Suzanne L. Herold, Esq., plaintiff's attorney, whose address is 50 Terminal St., Bld 2, Ste 716, Charlestown, MA 02129, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01841, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of             , in the year of our Lord two thousand

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2177CV00222C

.................... Douglas Brooks ...................., Plaintiff(s)

v.

.......... Rimini Street, Inc. & Emmanuel Richards .........., Defendant(s)

## SUMMONS

To the above named Defendant: Emmanuel Richards

You are hereby summoned and required to serve upon Suzanne L. Herold, Esq., plaintiff's attorney, whose address is 50 Terminal Street, Bld 2, St 714, Charlestown, MA 02129, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                    , in the year of our Lord two thousand

Thomas M. Driscoll
Clerk

2021 AUG 20 AM 11:33
ESSEX SUPERIOR COURT

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.